**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RALPH BRUMBAUGH,                  :
                                  :   Civil A. No. 09-5981(NLH)(AMD)
          Plaintiff,              :
                                  :
     v.                           :   **OPINION**
                                  :
US AIRWAYS GROUP, INC.,           :
                                  :
          Defendant.              :


**APPEARANCES:**

FRANK D. ALLEN
ARCHER & GREINER, PC
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033

MICHAEL A. FERRARA, JR.
THE FERRARA LAW FIRM
601 LONGWOOD AVENUE
CHERRY HILL, NJ 08002

     *Attorneys for plaintiff*

ALISON C. FINNEGAN
JOHN M. ARMSTRONG
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 MARKET STREET
SUITE 3600
PHILADELPHIA, PA 19103

     *Attorneys for defendant*

**HILLMAN**, District Judge[1]

     Presently before the Court is plaintiff's motion to enforce
a purported settlement agreement between the parties.  For the
reasons expressed below, plaintiff's motion will be denied.

---

     [1]On May 3, 2011, this case was reassigned to this Court.
(See Docket No. 28.)

**BACKGROUND**

This case involves the claims by plaintiff, Ralph Brumbaugh, against defendant, US Airways, that he sustained personal injuries on a US Airways flight when a piece of metal sheeting came loose from the plane's wing and struck the window next to him.  Plaintiff claims that he suffered hearing loss, tinnitus, and a medically documented fear of flying.[2]

On June 23, 2010, Magistrate Ann Marie Donio held an in-person settlement conference, which was attended by two attorneys on behalf of plaintiff, one attorney on behalf of defendant, and a representative from defendant's insurance adjuster.  At the conclusion of the two-hour conference, Judge Donio recommended a $325,000 settlement figure, and asked counsel for each side to write "yes" or "no" on a slip of paper.  Both sides wrote "yes," but defense counsel provided the caveat that the number would have to be approved by US Airways management, as well as the co-insurers, since the adjuster only had settlement authority up to $150,000, and she could not reach management on the telephone. Ultimately, US Airways management did not approve the $325,000 figure, and two weeks following the settlement conference, defense counsel sent Judge Donio and plaintiff's counsel a letter

---

[2]This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

informing them of US Airways' decision.

Plaintiff subsequently filed the instant motion, seeking to enforce what he believes to be a binding settlement contract entered into between the parties on June 23, 2010. Plaintiff acknowledges that defense counsel informed plaintiff's counsel and Judge Donio that his client and insurers would have to approve the figure, but plaintiff's counsel calls it a "minor point," and that defense counsel assured him that permission from US Airways and the insurer would not be a problem. (Ferrera Cert. ¶ 7.) Plaintiff's counsel states that "everyone left the building that day with the full, clear and unequivocal understanding that the case was settled." (Id. ¶ 8.) Plaintiff argues that the agreement on June 23, 2010 to settle the case for $325,000 is a binding, enforceable contract.

In contrast, defendant contends that the $325,000 settlement figure was clearly contingent on the approval of US Airways management and its insurer. Although defense counsel concedes that he stated that he "did not anticipate a problem with approval of the settlement by the co-insurers," he nonetheless informed Judge Donio and plaintiff's counsel regarding the contingency of client approval. (Kolbe Cert. ¶¶ 4, 6.)[3] Further, in response to Judge Donio's statement that "it looked

_____

[3]As of July 20, 2010, Mr. Kolbe was no longer the attorney of record appearing on behalf of defendant. (See Docket No. 15.)

like there was a settlement," the insurance adjuster informed Judge Donio and plaintiff's counsel that "there was a settlement only if my management, US Airways and its co-insurers agreed to the proposed figure." (Holly Cert. ¶ 7.)  Defense counsel represents that Judge Donio told him to discuss any conditions of the settlement with plaintiff's counsel. (Kolbe Cert. ¶ 5.) Defense counsel told plaintiff's counsel that it would take about two weeks for client approval.  By letter dated July 16, 2010, sent to Judge Donio and copied to plaintiff's counsel, defense counsel informed plaintiff's counsel that US Airways had not approved the $325,000 figure. (Id. ¶¶ 7-8.)

### DISCUSSION

A settlement agreement between parties to a lawsuit is a contract like any other contract.  Peskin v. Peskin, 638 A.2d 849, 857 (N.J. Super. Ct. App. Div. 1994) (citing Nolan v. Lee Ho, 577 A.2d 143, 146 (N.J. 1990)).  A contract is formed where there is offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty.  U.S. v. Lightman, 988 F. Supp. 448, 458 (D.N.J. 1997) (citing Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435, 608 A.2d 280 (1992)).  That contract is enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms.  Id.  Where the parties do not agree on one or more essential terms, however, courts

generally hold that the agreement is unenforceable.  Id.  The party seeking to enforce the alleged settlement agreement has the burden of proving the existence of the agreement under contract law.  Id. (citations omitted).

Courts treat a motion to enforce settlement under the same standard as a motion for summary judgment because the central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement.  Washington v. Klem, 388 F. App'x 84, 85 (3d Cir. 2010) (citing Tiernan v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991)).  Thus, summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).  An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.

In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any

5

weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

In this case, plaintiff has not met his burden of demonstrating that an enforceable settlement contract was formed on June 23, 2010. Plaintiff's affidavits acknowledge that defense counsel informed plaintiff's counsel and Judge Donio that the $325,000 figure would have to be approved by US Airways and its excess insurer. Even though it appears that defense counsel was overconfident in his representation that obtaining such approval would be "no problem," defense counsel's opinion of his client's approval process does not obviate the expressly articulated condition of the settlement terms, and it does not override the $150,000 that had been authorized by the client. See, e.g., Amatuzzo v. Kozmiuk, 703 A.2d 9, 12 (N.J. Super. Ct. App. Div. 1997) (citations omitted) ("The general rule is that unless an attorney is specifically authorized by the client to settle a case, the consent of the client is necessary. Negotiations of an attorney are not binding on the client unless the client has expressly authorized the settlement or the client's voluntary act has placed the attorney in a situation wherein a person of ordinary prudence would be justified in presuming that the attorney had authority to enter into a

6

settlement, not just negotiations, on behalf of the client.").[4]

Defense counsel's caveat to the settlement can be construed as a condition precedent.

> A condition precedent in a contract is the typical kind
> [of condition].  It must be performed or happen before
> a duty of immediate performance arises on the promise
> which the condition qualifies.  A condition precedent
> is either an act of a party that must be performed or a
> certain event that must happen before a contractual
> right accrues or contractual duty arises.
>
> One may also speak of a condition precedent to the
> existence of a contract.  A condition precedent may
> relate either to the formation of contracts or to
> liability under them.

Sutherland v. Chesson, 2006 WL 1000574, *5 (N.J. Super. Ct. App. Div. 2006) (quoting 13 Williston on Contracts § 38:7 (4th ed. 2000)).  The questions of whether a condition precedent exits, and whether it is a part of a valid contract or simply a prelude

---

[4]Also noteworthy is the absence of the entry of a "60-day order" following the June 23, 2010 settlement conference. Typically in this District, when a case is settled as a result of a conference with a magistrate judge, the magistrate judge immediately informs the district judge of the settlement of the case, and the district judge then enters an order of dismissal. (See, e.g., Civ. A. No. 08-5423, Docket No. 27.)  That order states, "It having been reported to the Court that the above-captioned action has been settled," the case is dismissed "without costs and without prejudice to the right, upon motion and good cause shown, within 60 days, to reopen this action if the settlement is not consummated."  (Id.)  Although the lack of such an order in this case is not dispositive of the legal question concerning whether a valid contract for settlement had been formed, it serves as additional evidence to support defendant's position that both parties, as well as Judge Donio, understood that the consummation of any settlement was contingent on certain conditions that would have to be met after the parties left the courthouse.

to contract formation, are answered by the particular circumstances of the situation. Id. (citing 2 Farnsworth on Contracts § 8.4 (3d ed. 2004)).

Thus, under the circumstances of this case, and drawing all inferences in defendant's favor, the condition that US Airways and its insurer must approve the $325,000 figure can demonstrate that either (1) a settlement contract was formed on June 23, 2010, but that a condition to the performance of the contract never materialized, or (2) no settlement contract was formed because the amount was never approved. Under either view, defendant cannot be compelled to pay plaintiff $325,000.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to enforce settlement must be denied. An appropriate Order will be entered.


Dated: May 20, 2011                     s/ Noel L. Hillman

At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

8