UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

RALPH BRUMBAUGH,                    :
                                    :   Civil A. No. 09-5981(NLH)(AMD)
        Plaintiff,                  :
                                    :   **MEMORANDUM**
     v.                             :   **OPINION & ORDER**
                                    :
US AIRWAYS GROUP, INC.,             :
                                    :
        Defendant.                  :


**APPEARANCES:**
FRANK D. ALLEN
ARCHER & GREINER, PC
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033

MICHAEL A. FERRARA, JR.
THE FERRARA LAW FIRM
601 LONGWOOD AVENUE
CHERRY HILL, NJ 08002
    *Attorneys for plaintiff*

ALISON C. FINNEGAN
JOHN M. ARMSTRONG
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 MARKET STREET
SUITE 3600
PHILADELPHIA, PA 19103
    *Attorneys for defendant*

**HILLMAN**, District Judge

    This matter having come before the Court on plaintiff's motion for reconsideration of the Court's Opinion and Order denying plaintiff's motion to enforce a settlement agreement (see Docket No. 29, 30); and

    Local Civil Rule 7.1(i) providing, in relevant part, "A motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original

motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion"; and

The Court recognizing that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and that a judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, id.; and

The Court further recognizing that the motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); and

The Court having denied plaintiff's motion to enforce a purported settlement agreement, in which plaintiff argued that the parties agreed to settle the case for $325,000 at an in-person settlement conference with the magistrate judge, and in opposition to which defendant argued that the $325,000 settlement figure was clearly contingent on the approval of US Airways management and its excess insurer; and

The Court having found that "under the circumstances of this case, and drawing all inferences in defendant's favor, the condition that US Airways and its insurer must approve the $325,000 figure can demonstrate that either (1) a settlement contract was formed on June 23, 2010, but that a condition to the performance of the contract never materialized, or (2) no settlement contract was formed because the amount was never approved," but that "[u]nder either view, defendant cannot be compelled to pay plaintiff $325,000" (Docket No. 29 at 8); and

Plaintiff now seeking a reconsideration of that decision, arguing that (1) the Court erred by not holding an evidentiary hearing, and (2) the Court did not properly consider his argument regarding defense counsel's apparent authority to settle the case[1]; and

---

[1] Following the filing of his motion, plaintiff submitted two supplemental letters informing the Court of two unpublished decisions by the New Jersey Appellate Division issued after this Court's decision denying his motion to enforce. (See Docket No. 36 and 41.) The Court finds these cases unpersuasive.

3

The Court finding that neither argument warrants reconsideration because

(1) an evidentiary hearing is not necessary to determine whether a settlement contract was formed because it was undisputed that the $350,000 figure still required approval by US Airways and its excess insurer prior to the consummation of any settlement, and no amount of testimony would change that fact; and

(2) without an enforceable contract, it was immaterial for the Court to consider whether defense counsel had apparent authority to bind defendant to any settlement contract[2];

Accordingly, the Court finding that plaintiff's motion for reconsideration is simply a reargument of his position presented in his motion to enforce the settlement agreement, and is only a disagreement with the Court's decision;

Accordingly,

**IT IS HEREBY** on this   7th    day of February     , 2012

**ORDERED** that plaintiff's motion for reconsideration [32] is **DENIED**.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[2]If the Court had opined as to defense counsel's authority to enter into a settlement contract with plaintiff, and had found that defense counsel did have the authority to bind defendant, as noted in the Court's prior Opinion, that authority did not obviate the expressly articulated condition of the settlement terms, and it did not override the $150,000 settlement amount that had been previously authorized by the client. (See Docket No. 29 at 6.)

4